United States District Court
Southern District of Texas
**ENTERED**
February 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PROSPER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-02603 |
| | § | |
| CITY OF HOUSTON, ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This civil rights case in which Plaintiff is proceeding pro se is before the Court on Defendant Officer Keene's and Officer Haverstrom's Motion to Dismiss pursuant to Rule 12(b)(6).[1]  ECF 9.  Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 9) be GRANTED for the reasons set forth below.

### I.    Factual and Procedural Background.

The following facts are alleged in Plaintiff's Complaint and presumed to be true.  On October 14, 2022, Plaintiff encountered Defendant Officers Keene and Haverstrom (Defendant Officers) at the Crown Inn Motel in Houston, Texas.  ECF 1 at ¶¶ 12-13.  Plaintiff and Officer Keene "began to have a verbal disagreement about what happened" at the location.  *Id.* at ¶ 14.  As Plaintiff was attempting to explain

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 2.

that "nothing happened and that he was not present at the scene," Officer Keene told Plaintiff to "shut [his] mouth."  ECF 1 at ¶ 15.  Plaintiff continued to state that he did nothing wrong, and Officer Keene approached Plaintiff in a "threatening manner."  *Id.* at ¶¶ 16–17.  Plaintiff fell forward into Officer Keene and Officer Keene picked Plaintiff up, slammed him onto the pavement, and caused him to hit his head. *Id.* at ¶¶ 18–19.  Both officers then forced Plaintiff's hands into "extremely tight handcuffs causing injuries to his wrist and shoulders" and Officer Keene refused to loosen the handcuffs. *Id.* at ¶¶ 20, 22.  Plaintiff alleges he was "repeatedly pushed and hit in the back by the officers" and the officers pushed him against the police vehicle before placing him inside.  *Id.* at ¶ 21.

According to the Complaint, Officer Keene first told Plaintiff he was being arrested for making a terroristic threat, then "changed his statement" and said it looked like a woman on the scene had scratches on her chest.  ECF 1 at ¶ 23. Plaintiff was charged with assault of a family member.  *Id.* at ¶ 25; ECF 9-1; ECF 9-2.  He remained incarcerated in the Harris County jail for approximately forty-eight hours, was released on a personal bond, and was given a court date.  ECF 1 at ¶ 26. Plaintiff's case was dismissed on July 12, 2023 upon his completion of a pretrial diversion program.  ECF 9-4 at 2.

On July 17, 2023, Plaintiff, proceeding pro se, filed a Complaint against the City of Houston, Officer Keene, and Officer Haverstrom alleging violations of

42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Texas state law.  ECF 1.  More specifically, Plaintiff alleges the following against Officers Keene and Haverstrom: (1) state law claims for assault and battery and malicious prosecution against the Officers in their individual and official capacities; (2) § 1983 First Amendment retaliation claim against Officer Keene in his individual capacity; (3) § 1983 excessive force claims in violation of the Fourth and Fourteenth Amendments against the Officers each in their individual capacity; (4) § 1981 discrimination claim; (5) §§ 1985 and 1986 claims for conspiracy to interfere with civil rights and failure to prevent conspiracy; and (6) § 1988 claim for attorney's fees.  ECF 1 at 1, 5–6.

Defendant Officers filed the instant Motion to Dismiss Pursuant to Rule 12(b)(6) on August 18, 2023.  ECF 9.  In the Motion, Defendant Officers assert that Plaintiff's state law tort claims are barred by the Texas Tort Claims Act.  *Id.* at 16– 17.  Defendant Officers further assert that Plaintiff's federal claims fail as a matter of law because:  the claims are barred by *Heck v. Humphrey* and the independent-intermediary doctrine (*id.* at 8–9, 15–16); the Officers are entitled to qualified immunity (*id.* at 6–8); and Plaintiff has failed to allege any constitutional violation to support a § 1983 claim (*id.*).

On August 22, 2023, Plaintiff filed a Motion to Strike Affirmative Defenses (ECF 11), which the Court construes as a Response to Defendants' Motions to

Dismiss.  *See* ECF 18.  Defendants filed a reply in support of their Motion to Dismiss.  ECF 14.  Plaintiff filed a sur-reply in which he argues that his § 1983 claims are not barred by *Heck v. Humphrey* or the independent intermediary doctrine because his "actual innocence" is proven by an "affidavit of non-prosecution" signed by the victim and the "taint exception" overcomes the independent intermediary doctrine.  ECF 16.

## II.    Rule 12(b)(6) Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698 (5th Cir. 2017) (citing *Martin K. Eby Contr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678–79.

The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted). Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The Court may properly deny leave to amend, however, if amendment would be futile. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).

Generally, in ruling on a Rule 12(b)(6) motion the court may consider only the allegations in the complaint and any attachments thereto. If a motion to dismiss refers to matters outside the pleading, it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and are central to the plaintiff's claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). "Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice." *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 327 (E.D. Tex. 2021). For purposes

5

of Defendant Officers' Motion to Dismiss, the Court takes judicial notice of the

Harris County District Clerk records for the criminal case styled *State of Texas v.*

*Robert Prosper*, Cause No. 242821101010, in the County Criminal Court at Law

No. 13 of Harris County, Texas.  ECF 9-1 to ECF 9-4.

### III.   Plaintiff's state law tort claims against Defendant Officers, whether brought in their individual or official capacities, are barred by the Texas Tort Claims Act.

Plaintiff asserts claims against Officers Keene and Haverstrom, in their

individual and official capacities, for assault and battery and malicious prosecution

under Texas state law.  ECF 1 at 5–6.

The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity

for certain suits against governmental units, *see* TEX. CIV. PRAC. & REM. CODE

§ 101.021, "and contains an election-of-remedies provision intended to 'force a

plaintiff to decide at the outset whether an employee acted independently and is thus

solely liable, or acted within the general scope of his or her employment such that

the governmental unit is vicariously liable.'" *Laverie v. Wetherbe*, 517 S.W.3d 748,

752 (Tex. 2017) (citation omitted).  Specifically, § 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on
> conduct within the general scope of that employee's employment and if
> it could have been brought under this chapter against the governmental

unit, the suit is considered to be against the employee in the employee's official capacity only.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).  Under Texas law, a suit "against a government employee in his official capacity is a suit against his government employer."  *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (citation omitted).  Thus, a defendant employee is entitled to dismissal under § 101.106(f) "upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act."  *Laverie*, 517 S.W.3d at 752 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)).

"The scope-of-employment inquiry under section 101.106(f) focuses on whether the employee was doing his job, not the quality of the job performance."  *Garza v. Harrison*, 574 S.W.3d 389, 394 (Tex. 2019).  This inquiry is satisfied if, "when viewed objectively, 'a connection exists between the employee's job duties and the alleged tortious conduct.'"  *Id.* (quoting *Laverie*, 517 S.W.3d at 753).  Here, such a connection exists because Plaintiff's assault and battery and malicious prosecution claims are based on the Defendant Officers' conduct during Plaintiff's arrest on October 14, 2022.  Furthermore, Plaintiff could have brought the tort claims against the City of Houston, the "governmental unit" that employs the Officers, because "all common-law tort theories alleged against a governmental unit … are assumed to be 'under the Tort Claims Act' for purposes of section 101.106" even

when the Torts Claim Act does not waive immunity for those claims. *See Franka*, 332 S.W.3d at 379–80. Because Plaintiff's tort claims against the Defendant Officers involve conduct within the general scope of their employment as police officers and Plaintiff could have brought the tort claims against the City of Houston, subsection (f) mandates that the claims are considered to be brought against them only in their official capacity and are subject to dismissal. *See Garza*, 547 S.W.3d at 399 (Subsection (f) "compels an election that makes suit against the governmental employer the exclusive remedy for a public employee's conduct within the scope of employment"); *see also Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014) ("[S]ubsection (f) is the appropriate avenue for dismissing a government employee considered to have been sued in his official capacity . . . .").

In addition, § 101.106(a) of the TTCA provides:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

TEX. CIV. PRAC. & REM. CODE § 101.106(a). Here, Plaintiff has sued both the Defendant Officers and the City of Houston for the same conduct—the alleged violation of his rights by the Defendant Officers during his arrest on October 14, 2022. Because he sued both the Officers and the City, he is barred from recovering against the Officers and can only pursue a suit against the City to the extent the City has waived its sovereign immunity. In short, by bringing claims regarding the same

subject matter against the Officers and the City, Plaintiff irrevocably elected to pursue the claims only against the City and not against the Officers.  TEX. CIV. PRAC. & REM. CODE § 101.106(a).  Accordingly, Plaintiff's state law assault and battery and malicious prosecution claims against Officers Keene and Haverstrom should be dismissed with prejudice because amendment would be futile.

**IV.  All of Plaintiff's Section 1983 claims against Defendant Officers Should be Dismissed.**

### A. Plaintiff's Section 1983 claims for violations of his First Amendment rights are barred by *Heck v. Humphrey*.

Plaintiff alleges that Defendants "attacked" and arrested him in retaliation for "expressi[ng] his thoughts towards [them]" in violation of the First Amendment. ECF 1 at ¶¶ 32–34.  To maintain a First Amendment retaliatory arrest claim, a plaintiff "must first establish the absence of probable cause, and then demonstrate that the retaliation was a substantial or motivating factor behind the arrest." *Kokesh v. Curlee*, 14 F.4th 382, 396 (5th Cir. 2021) (citing *Nieves v. Bartlett*, 587 U.S. __, 139 S. Ct. 1715, 1725 (2019)).

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff may not bring a claim under § 1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction or sentence, unless he proves that the conviction or sentence has been reversed, expunged, declared invalid, or otherwise called into question.  512 U.S. 477, 486–87 (1994).  In other words, "*Heck* does not allow a

civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (quoting *Heck*, 512 U.S. at 484).

In this case, Plaintiff's charge for assault of a family member was dismissed after he completed a pretrial diversion program.  ECF 9-4.  A pretrial diversion program "is essentially a middle ground between conviction and exoneration." *Morris*, 768 F. App'x at 301.  It is "an alternative to prosecution that diverts certain offenders from traditional criminal justice processing into a program of supervision. The offenders must acknowledge responsibility for their actions, but need not admit guilt." *Taylor v. Gregg*, 36 F.3d 453, 455 (5th Cir. 1994) *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  The Fifth Circuit has held that, for purposes of *Heck*, completion of a pretrial diversion program "does not terminate the criminal action in favor of the criminal defendant." *Morris*, 768 F. App'x at 301 (citing *Taylor*, 36 F.3d at 455) (dismissing claims of plaintiff who completed pretrial diversion program as barred by *Heck*); *Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 506–08 (M.D. La. 2013) (noting "[t]he Fifth Circuit has joined the Third and Second Circuits in treating pretrial intervention programs as convictions under *Heck*[,]" and holding that § 1983 false arrest claims of plaintiff whose charges were dismissed after she completed pretrial diversion were barred by *Heck*).

Plaintiff argues that *Heck* does not apply because he was not convicted of assault, and he identifies an affidavit from the victim of the assault charge stating he did not assault her.  ECF 11 at 2; ECF 16 at 5.  Plaintiff's argument does not preclude the application of *Heck*.  To succeed on his claim that he was arrested in retaliation for the exercise of his First Amendment rights necessarily requires him to show there was no probable cause for his arrest.  *Nieves*, 139 S. Ct. at 1725.  Allowing him to proceed on that claim would undermine his participation in, and completion of, the pretrial diversion program which required him to take responsibility for his actions and is inconsistent with innocence.  *Morris*, 768 F. App'x at 301–02.  Thus, the § 1983 claim alleging retaliation in violation of Plaintiff's First Amendment rights is barred by *Heck*.

Defendants also assert that the independent-intermediary doctrine applies to bar Plaintiff's retaliatory arrest claim because a magistrate judge found that the arrest was supported by probable cause.  ECF 9 at 15–16.  Under the independent-intermediary doctrine, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation …, insulating the initiating party."  *Wilson v. Stroman*, 33 F.4th 202, 208 (5th Cir. 2022) (citation omitted).  "[E]ven an officer who acted with malice will not be liable" if the doctrine applies.  *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016) (citation omitted).  The Fifth Circuit

has applied this rule "even if the independent intermediary's action occurred after the arrest or if the arrestee was never convicted of a crime." *Wilson*, 33 F.4th at 208. An exception to the doctrine exists when "the plaintiff shows that the deliberations of the intermediary were in some way tainted by the actions of the defendant." *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (citation omitted). At the pleading stage, "mere allegations of 'taint' may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *Wilson*, 33 F.4th at 212 (cleaned up). In this case, however, no pleaded facts support such an inference.

For these reasons, the Court recommends that Plaintiff's First Amendment retaliation claim be dismissed with prejudice until such time as conditions eliminating the *Heck* bar are met.

### B. Plaintiff's Section 1983 claim for violations of his Fourth Amendment rights should be dismissed as barred by qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). In other words, a public official is entitled to qualified immunity unless a plaintiff pleads facts showing "(1) that the official violated a

statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Fisher v. Moore*, 73 F.4th 367, 371 (5th Cir. 2023) (citation omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2013). In this case, qualified immunity applies to bar Plaintiff's Fourth Amendment excessive force claim against the Defendant Officers in their individual capacities.

To plead a Fourth Amendment excessive force claim, a plaintiff "must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Smith v. Heap*, 31 F.4th 905, 912 (5th Cir. 2022) (quoting *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020)). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). To "gauge the objective reasonableness of the force used by a law enforcement officer, [courts] must balance the amount of force used against the need for force," paying "careful attention to the facts and circumstances of each particular case." *McNeal v. City of Katy*, No. 23-20054, 2023 WL 7921201, at *3 (5th Cir. Nov. 16, 2023) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 399 (5th Cir. 2004)).

In this case, Plaintiff alleges that during his encounter with the officers, he "beg[a]n to have a verbal disagreement" with Officer Keene about what happened at the scene. ECF 1 at ¶ 14. According to the Complaint, Officer Keene ordered Plaintiff to "shut [his] mouth;" Plaintiff continued to state "that he did … nothing wrong" and Officer Keene approached Plaintiff in a "threatening manner." *Id.* at ¶¶ 15–17. Plaintiff "fell forward" into Officer Keene and Officer Keene "picked him up and slammed him down to the pavement onto his back." *Id.* at ¶ 19. Plaintiff further alleges that the officers "forced his hands into extremely tight handcuffs causing injuries to his wrist and shoulders," "repeatedly pushed and hit [Plaintiff] in the back," and pushed Plaintiff against the police vehicle before placing him inside of it. *Id.* at ¶¶ 20–21.

Plaintiff's allegations of Defendant Officers' use of force do not amount to a constitutional violation. Generally, a plaintiff need not demonstrate a significant injury to support an excessive force claim, "but the injury must be more than *de minimis.*" *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (citation omitted). The Fifth Circuit has held that "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force." *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007) (citation omitted). Courts have found similar or worse injuries than those alleged by Plaintiff to be no more than *de minimis*. *See, e.g., id.* (holding that plaintiff's allegations that

"deputies twisted her arms behind her back while handcuffing her, jerked her all over the carport, and applied handcuffs too tightly, causing bruises and marks on her wrists and arms" amounted to *de minimis* injuries insufficient to support excessive force claim); *Westfall v. Luna*, 903 F.3d 534, 549–50 (5th Cir. 2018) (holding that abrasions, bruises, bloody urine, and high blood pressure were *de minimis* injuries); *Buehler v. Dear*, 27 F.4th 969, 982 (5th Cir. 2022) (holding that abrasions to the face, head and tricep, bruises, and mental trauma were minor injuries); *Brooks v. City of W. Point, Miss.*, 639 F. App'x 986, 990 (5th Cir. 2016) (holding that abrasions to hands and knees, some back and neck pain, and unspecified problems with asthma were *de minimis* injuries).  Plaintiff alleges only *de minimis* injuries which are insufficient to support an excessive force claim and therefore he has not sufficiently alleged a constitutional violation.

Furthermore, Plaintiff has not overcome the second prong of the qualified immunity analysis which requires him to show that the right allegedly violated by the Defendant Officers was "clearly established" at the time.  In this regard, it is Plaintiff's burden "to 'identify a case'—usually, a 'body of relevant case law'—in which 'an officer acting under similar circumstances … was held to have violated the Constitution.'"  *Joseph ex rel Est. of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (quoting *D.C. v. Wesby*, 583 U.S. 48, 63–64 (2018)).  Plaintiff has not done so.  Neither Plaintiff's Response (ECF 11) nor his sur-reply (ECF 16) identify

a case to support that the Defendant Officers' conduct violated clearly established law and therefore he has not overcome the Defendant Officers' qualified immunity defense. *Joseph*, 981 F.3d at 345 (holding that a plaintiff cannot overcome qualified immunity "without identifying a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment, and without explaining why the case clearly proscribed the conduct of that individual officer").

For these reasons, the Court recommends that Plaintiff's Fourth Amendment excessive force claim be dismissed with prejudice as barred by qualified immunity.

### C. Plaintiff's Section 1983 claim for violations of his Fourteenth Amendment rights should be dismissed for failure to state a claim.

Plaintiff alleges that Defendants violated his both his Fourth and Fourteenth Amendment rights by using excessive and unreasonable force during his arrest.[2] ECF 1 at ¶ 40. "[R]esort to a generalized remedy under the Due Process Clause is inappropriate where a more specific constitutional provision provides the rights at issue." *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). "In those situations, the specific provision, 'not

---

[2] The Court understands Plaintiff's Complaint to allege a Fourteenth Amendment claim only regarding the use of excessive force, as that is the single instance where the Amendment is cited in the Complaint beyond the jurisdictional allegations. ECF 1 at ¶ 40. To the extent Plaintiff alleges a Fourteenth Amendment claim based on manufactured evidence, as raised by Defendants, *see* ECF 9 at 12, such a claim would be barred by *Heck*. *See Kemp v. Belanger*, No. 19-0799, 2019 WL 8759431, at *5 (W.D. La. Oct. 15, 2019) ("Prevailing on the claim that the officer lied in the arrest report could necessarily imply the invalidity of Plaintiff's conviction.") (citing *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004)).

the more generalized notion of 'substantive due process,' better guides analysis of a plaintiff's claims." *Id.* (quoting *Albright*, 510 U.S. at 273).  Because Plaintiff's right to be free from excessive force is protected by the unreasonable-searches-and-seizures clause of the Fourth Amendment, Plaintiff has failed to state a claim under the Fourteenth Amendment's Due Process Clause.  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010) (dismissing plaintiff's Fourteenth Amendment claims because alleged pretrial deprivations of constitutional rights should be addressed under the Fourth Amendment).  Accordingly, Plaintiff's Fourteenth Amendment claim should be dismissed with prejudice because amendment would be futile.

**V.     Plaintiff's claims for violations of 42 U.S.C. §§ 1981, 1985, 1986 and 1988 should be dismissed for failure to state a claim.**

**A. Plaintiff cannot state a claim under 42 U.S.C. § 1981.**

Plaintiff purports to assert claims under Section 1981.  ECF 1 at ¶¶ 1, 5. Section 1981 provides that

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings . . . as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a).  Some courts within the Fifth Circuit have held that a § 1981 claim must fail absent allegations that, due to his race, a plaintiff was denied the rights or benefits of contract.  *See Holt v. Wal-Mart Stores, Inc.*, No. SA-20-CV-

01476, 2022 WL 272117, at *3 (W.D. Tex. Jan. 18, 2022) (stating "Section 1981 prohibits racial discrimination in the making and enforcement of public and private contracts[,]" and noting that "[n]o matter how the facts in this case are structured, it will never sound in contract") (citing *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 470 (1975)). However, courts in other jurisdictions have held that an unlawful arrest can state a claim under Section 1981.  *See Phillip v. Univ. of Rochester*, 316 F.3d 291, 298 (2d Cir. 2003) (allowing claims for wrongful arrest by private university police to proceed under Section 1981's "full and equal benefit of the laws" clause); *Mazloum v. D.C. Metro. Police Dep't.*, 522 F. Supp. 2d 24, 39 (D.D.C. 2007) (concluding that based on Section 1981's "equal benefit" clause, a plaintiff need not rely on a contractual relationship to proceed on claim that his unlawful race-based arrest violated Section 1981).  However, the law is clear that to prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, *but for race*, [he] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added).

Plaintiff alleges that his claims "arise from a[n] October 14, 2022 incident in which Defendants, acting under color of state Law, unlawfully arrested and detained Mr. Prosper without a valid warrant or probable cause." ECF 1 at ¶ 2.  As discussed above, Plaintiff's claims relating to his arrest are *Heck* barred because he accepted

responsibility for the charge and participated in a pretrial diversion program. Consequently, and as a matter of law, Plaintiff cannot prove that, *but for race*, he would not have suffered the loss of a legally protected right.  In addition, Defendants have attached public records showing that a magistrate judge found Plaintiff's arrest was supported by probable cause.  ECF 9-3.  Because the magistrate found probable cause to support Plaintiff's arrest, there is no set of facts by which Plaintiff can allege that *but for his race*, he would not have been arrested.  Plaintiff's Complaint is completely devoid of any allegation that he was arrested due to his race and because Defendants have demonstrated probable cause for the arrest as well as completion of a diversion program that equates to a conviction for *Heck* purposes, there are no facts Plaintiff can allege to support a claim under § 1981 and the claim should be dismissed with prejudice.

**B. Plaintiff cannot state a claim under 42 U.S.C. §§ 1985 and 1986.**

Plaintiff asserts claims under 42 U.S.C. §§ 1985 and 1986 for conspiracy to interfere with civil rights and failure to prevent conspiracy.[3]  ECF 1 at 6.  Section 1985 prohibits conspiracies to deprive any person equal protection of the laws.  42 U.S.C. § 1985(3).  To establish a claim under § 1985, a plaintiff must demonstrate:

---

[3] Plaintiff also identifies § 1983 as a basis for his conspiracy claim. *See* ECF 1 at 6.  However, a conspiracy claim under § 1983 is "not actionable without an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).  Because Plaintiff's underlying § 1983 claims fail, Plaintiff's conspiracy claim must also fail. *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 206 (5th Cir. 2020) ("[D]efendants cannot be liable for a conspiracy that failed to violate the plaintiff's rights.").

(1) a conspiracy between two or more people, (2) for the purpose of depriving a person of the equal protection of the laws, and (3) an act that furthers the conspiracy, (4) by which a person is injured or denied any right or privilege of a citizen of the United States. *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 446 (5th Cir. 2006). A conspiracy claim under § 1985 requires some form of racial or other protected class-based discrimination. *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)); *accord Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1155 (5th Cir. 2021). If a plaintiff's § 1985 conspiracy claim fails, any § 1986 claim for failure to prevent conspiracy claim necessarily fails as well. *Mandawala*, 16 F.4th at 1155 n.10 (citing *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.3 (5th Cir. 1998) (noting that § 1986 claims cannot survive absent proof of all elements of a § 1985 claim)).

As a matter of law, Plaintiff cannot allege any race-based discrimination claim arising from his October 14, 2022 arrest. Therefore, Plaintiff's §§ 1985 and 1986 claims, which require a conspiracy to discriminate based on race, also fail as a matter of law and should be dismissed with prejudice.

### C. As a matter of law, Plaintiff, a pro se litigant, cannot recover attorney's fees under 42 U.S.C. § 1988.

Plaintiff's Complaint identifies 42 U.S.C. § 1988 as a statute through which he seeks relief and under which this case arises. ECF 1 at ¶¶ 1, 5. Section 1988 provides that the prevailing party in a suit to enforce rights under § 1983 may recover

a reasonable attorney's fee. 42 U.S.C. § 1988(b). "The purpose of section 1988 is . . . to enable and encourage a wronged person to retain a lawyer." *De Mino v. Achenbaum*, 136 F. App'x 695, 698 (5th Cir. 2005) (citation omitted). Pro se litigants, however, are not entitled to attorney's fees under the statute. *Id.* ("As a pro se litigant, [plaintiff] is not entitled to recover under § 1988."); *Kay v. Ehrler*, 499 U.S. 432 (1991) (holding that even "a pro se litigant who is also a lawyer may [not] be awarded attorney's fees" under § 1988 for representing himself in a civil rights suit). Accordingly, to the extent Plaintiff intends to assert a claim for attorney's fees under § 1988, the claim should be dismissed with prejudice because amendment would be futile.

## VI.   Conclusion and Recommendation.

For the reasons set forth above, the Court RECOMMENDS that Defendant Officers' Motion to Dismiss (ECF 9) be GRANTED that Plaintiff's claims against Defendant Officer Keene and Officer Haverstrom be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 13, 2024, at Houston, Texas.

_____
Christina A. Bryan
United States Magistrate Judge