United States District Court
Southern District of Texas

**ENTERED**

February 13, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PROSPER, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-02603 |
| | § | |
| CITY OF HOUSTON, ET AL., | § | |
| *Defendants.* | § | |

## MEMORANDUM AND RECOMMENDATION

This civil rights case in which Plaintiff is proceeding pro se is before the Court on Defendant City of Houston's Motion to Dismiss pursuant to Rule 12(b)(6).[1] ECF 10. Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 10) be GRANTED for the reasons set forth below.

### I.    Factual and Procedural Background.

The following facts are alleged in Plaintiff's Complaint and presumed to be true. On October 14, 2022, Plaintiff encountered Defendant Officers Keene and Haverstrom (Defendant Officers) at the Crown Inn Motel in Houston, Texas. ECF 1 at ¶¶ 12-13. Plaintiff and Officer Keene "began to have a verbal disagreement about what happened" at the location. *Id.* at ¶ 14. As Plaintiff was attempting to explain

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 2.

that "nothing happened and that he was not present at the scene," Officer Keene told

Plaintiff to "shut [his] mouth."  ECF 1 at ¶ 15.  Plaintiff continued to state that he

did nothing wrong, and Officer Keene approached Plaintiff in a "threatening

manner."  *Id.* at ¶¶ 16–17.  Plaintiff fell forward into Officer Keene and Officer

Keene picked Plaintiff up, slammed him onto the pavement, and caused him to hit

his head. *Id.* at ¶¶ 18–19.  Both officers then forced Plaintiff's hands into "extremely

tight handcuffs causing injuries to his wrist and shoulders" and Officer Keene

refused to loosen the handcuffs. *Id.* at ¶¶ 20, 22.  Plaintiff alleges he was "repeatedly

pushed and hit in the back by the officers" and the officers pushed him against the

police vehicle before placing him inside. *Id.* at ¶ 21.

According to the Complaint, Officer Keene first told Plaintiff he was being

arrested for making a terroristic threat, then "changed his statement" and said it

looked like a woman on the scene had scratches on her chest.  ECF 1 at ¶ 23.

Plaintiff was charged with assault of a family member.  *Id.* at ¶ 25; ECF 10-1;

ECF 10-2.  He remained incarcerated in the Harris County jail for approximately

forty-eight hours, was released on a personal bond, and was given a court date.

ECF 1 at ¶ 26.  Plaintiff's case was dismissed on July 12, 2023 upon his completion

of a pretrial diversion program.  ECF 10-4 at 2.

On July 17, 2023, Plaintiff, proceeding pro se, filed a Complaint against the

City of Houston, Officer Keene, and Officer Haverstrom alleging violations of

42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Texas state law.  ECF 1.  More specifically, Plaintiff alleges the following: (1) state law claims for assault and battery and malicious prosecution against the Defendant Officers in their individual and official capacities; (2) Monell liability claim against the City under § 1983 for violations of the First, Fourth, and Fourteenth Amendments; (3) § 1981 discrimination claim; and (4) § 1988 claim for attorney's fees.  ECF 1.

The City of Houston filed the instant Motion to Dismiss Pursuant to Rule 12(b)(6) on August 21, 2023.  ECF 10.  In the Motion, the City asserts that Plaintiff's state law tort claims are barred by governmental immunity, which has not been waived by the Texas Tort Claims Act.  *Id.* at 16.  The City further asserts that Plaintiff's federal claims fail as a matter of law because:  the claims are barred by *Heck v. Humphrey* and the independent-intermediary doctrine (*id.* at 4–6, 10–11) and Plaintiff has failed to state a § 1983 claim.

On August 22, 2023, Plaintiff filed a Motion to Strike Affirmative Defenses (ECF 11), which the Court has construed as a Response to Defendants' Motions to Dismiss.  *See* ECF 18.  The City filed a reply in support of its Motion to Dismiss (ECF 14); Plaintiff filed a sur-reply (ECF 16).

In a Memorandum and Recommendation issued today, the Court separately addressed the Motion to Dismiss filed by the Defendant Officers (ECF 9), recommending that Plaintiff's claims against the Defendant Officers be dismissed

3

with prejudice. ECF 19. Specifically, the Court recommended that: Plaintiff's state law claims against the Officers for assault and battery and malicious prosecution should be dismissed with prejudice as barred by the Texas Tort Claims Act because the claims are considered to be against the City of Houston under § 101.106(f) (ECF 19 at 6–9); Plaintiff's First Amendment retaliation claim should be dismissed as barred by *Heck v. Humphrey* (*id.* at 9–12); Plaintiff's Fourth Amendment excessive force claim should be dismissed as barred by qualified immunity (*id.* at 12–16); Plaintiff's Fourteenth Amendment excessive force claim should be dismissed because his rights are protected by the Fourth Amendment (*id.* at 16–17); and Plaintiff's claims for violations of §§ 1981, 1985, 1986 and 1988 should be dismissed because as a matter of law Plaintiff cannot state a claim under those provisions (*id.* at 17–21).

## II.   Rule 12(b)(6) Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts

all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698 (5th Cir. 2017) (citing *Martin K. Eby Contr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678–79.

The Court applies a more lenient standard when analyzing the complaints of *pro se* plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citation omitted). Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). The Court may properly deny leave to amend, however, if amendment would be futile. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019); *see also Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016).

Generally, in ruling on a Rule 12(b)(6) motion the court may consider only the allegations in the complaint and any attachments thereto. If a motion to dismiss refers to matters outside the pleading, it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the

plaintiff's complaint and are central to the plaintiff's claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). For purposes of the City's Motion to Dismiss, the Court takes judicial notice of the Harris County District Clerk records for the criminal case styled *State of Texas v. Robert Prosper*, Cause No. 242821101010, in the County Criminal Court at Law No. 13 of Harris County, Texas. ECF 10-1 to ECF 10-4.

### III.   Plaintiff's state law tort claims are barred by governmental immunity under the Texas Tort Claims Act.

As mentioned above, in a Memorandum and Recommendation entered today the Court found that Plaintiff's state law claims against the Defendant Officers for assault and battery and malicious prosecution are considered to be claims against the City of Houston under § 101.106(f) of the Texas Tort Claims Act (TTCA). *See* ECF 19 at 6–9.

Under Texas law, governmental units are immune from liability for their own acts or the acts of their employees unless a constitutional or statutory provision waives that immunity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The TTCA was enacted to waive governmental immunity in limited circumstances. *Id.*; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (TTCA "provides a limited waiver of immunity for certain suits against

6

governmental entities and caps recoverable damages"). However, the TTCA does not waive immunity for claims "arising out of assault, battery, … or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057; *see Lewis-Piccolo v. City of Houston*, No. H-16-2897, 2017 WL 2644211, at *4 (S.D. Tex. June 1, 2017), *memorandum and recommendation adopted*, 2017 WL 2633592 (S.D. Tex. June 19, 2017) (holding that claims for malicious prosecution fell under the purview of the TTCA). In the absence of a waiver, the City of Houston is immune from Plaintiff's tort claims. *Holland v. City of Houston*, 41 F. Supp. 678, 710 (S.D. Tex. 1999). Accordingly, Plaintiff's claims for assault and battery and malicious prosecution should be dismissed with prejudice as barred by governmental immunity per the Texas Tort Claims Act.

## IV.   Plaintiff's Section 1983 claims against the City for violations of his First, Fourth, and Fourteenth Amendment rights should be dismissed.

Under *Monell v. Department of Social Services*, a municipality "can be sued directly under § 1983 … [where] the action that is alleged to be unconstitutional implements or executes a policy … officially adopted and promulgated by [the municipality's] officers." 436 U.S. 658, 690 (1978). To state a *Monell* claim, a plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Hous.*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Hous.*,

291 F.3d 325, 328 (5th Cir. 2002)).  Importantly, "without a predicate constitutional violation, there can be no *Monell* liability." *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) (citing *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020)).

As described above, the Court recommended that Plaintiff's § 1983 claims against the Defendant Officers for violations of his First, Fourth, and Fourteenth Amendment rights be dismissed with prejudice as barred by *Heck*, barred by qualified immunity, and for failure to state a claim.  *See* ECF 19 at 9–17.  Because Plaintiff has failed to demonstrate any viable constitutional violation by the Defendant Officers arising from his October 14, 2022 arrest, the associated *Monell* claims against the City of Houston based on the same event must also be dismissed. *Loftin*, 33 F.4th at 783; *see also Petersen v. Johnson*, 57 F.4th 225, 235 (5th Cir. 2023) ("Because the Plaintiffs' claims against [the officer] fail, their municipal liability claim against the City … must also fail.").

**V.    Plaintiff's Section 1981 and 1988 claims should be dismissed.**

To the extent Plaintiff intends to assert against the City claims arising under §§ 1981 or 1988, such claims should be dismissed with prejudice for the same reasons stated in the Memorandum and Recommendation issued today.  *See* ECF 19 at 17–19, 20–21.

## VI.     Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant City of Houston's Motion to Dismiss (ECF 10) be GRANTED and that Plaintiff's claims against the City of Houston be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 13, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge