United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PROSPER, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-02603 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CITY OF HOUSTON, | § | |
| *et al.* | § | |
| Defendants. | § | |

## ORDER ADOPTING
## MEMORANDA AND RECOMMENDATIONS

Plaintiff Robert Prosper, proceeding *pro se*, filed a complaint against the City of Houston and Officers Keene and Haverstrom, alleging violations of 42 USC §§1981, 1983, 1985, 1986, 1988, and Texas state law. Dkt 1. Plaintiff's §1983 claims assert violations of the First, Fourth, and Fourteenth Amendments. *Id*.

The matter was referred for disposition to Magistrate Judge Christina A Bryan. Dkt 2. Defendant Officers and Defendant City of Houston moved to dismiss. Dkts 9 & 10.

Pending are two Memoranda and Recommendations by the Magistrate Judge. Dkts 19 & 20. In the first, she recommends that the motion by Defendant Officers be granted and the claims against them be dismissed because (i) the state law claims are barred by §101.106 of the Texas Tort Claims Act, (ii) the First Amendment retaliation claim is barred by *Heck v Humphrey*, (iii) the Fourth Amendment excessive force claim is barred by qualified immunity, (iv) the rights asserted in the Fourteenth Amendment excessive force claim are protected by the Fourth Amendment, and (v) as a matter of law, Plaintiff cannot state a claim for violations of 42 USC §§1981, 1985, 1986, or 1988. Dkt 19. In the second, the Magistrate Judge

recommends that the claims against the City of Houston be dismissed because (i) the state law claims are barred by governmental immunity under the Texas Tort Claims Act, (ii) the *Monell* liability claims cannot survive without a viable underlying constitutional violation by the Defendant Officers, and (iii) as a matter of law, Plaintiff cannot state a claim for violations of 42 USC §§1981 or 1988. Dkt 20.

Plaintiff timely filed objections on February 20, 2024. Dkt 21. Defendants responded. Dkt 22. Those objections have been reviewed.

Plaintiff also filed untimely objections, on March 11, 2024. Those objections are properly disregarded. See 28 USC §636; see also *Scott v Alford,* 62 F3d 395 (5th Cir 1995): "Consequently, district courts need not consider late objections; instead, we leave to the district court's discretion the decision whether to allow objections after the ten day period."

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Plaintiff's timely-filed objections lack merit. Indeed, the Memoranda and Recommendations clearly detail the pertinent facts and correctly apply controlling law. The putative objections are themselves stated in conclusory terms and in no way clearly point to error in the analysis of the Magistrate Judge. Indeed, no particular page or portion of either Memoranda are specifically cited.

The objections by Plaintiff to the Memoranda and Recommendations of the Magistrate Judge are OVERRULED. Dkt 21.

No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

Each Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkts 19 & 20.

The motions by Defendant Officers Keene and Haverstrom and Defendant City of Houston to dismiss are GRANTED. Dkts 9 & 10.

The claims against Defendants are DISMISSED WITH PREJUDICE.

The First Amendment retaliation claims are DISMISSED WITH PREJUDICE until such time as conditions eliminating the *Heck* bar are met.

A final judgment will enter separately.

SO ORDERED.

Signed on March 19, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge